## ROLAND W. FINCH *vs.* PHARES M. MISHLER.

*Admissibility of Evidence in an Action on a Note—Appellate Procedure When the Judgment is in Excess of Amount Claimed in the Declaration.*

The owner of land subject to a mortgage held by the plaintiff leased the property to the defendant by an agreement providing that the defendant should pay to the plaintiff a certain sum, being part of the stipulated rent. Defendant gave to plaintiff a promissory note for that sum. Afterwards plaintiff sold the property under the mortgage subject to the lease. In an action on the note, where the defense was that the plain-

tiff had violated implied conditions on which the note had been given, *held*, that the evidence of the plaintiff is admissible to show that the defendant had not been injured by the sale under the mortgage; that the note and the mortgage had no connection with one another, and evidence is also admissible to explain to the jury certain matters out of which the indebtedness grew which formed the consideration for the note.

When the verdict of the jury is for an amount in excess of that laid in the declaration, the judgment will not be reversed for that reason, but under Code, Art. 5, sec. 17, &c., the excess may be released by the plaintiff's amendment of the record, and this Court will enter such judgment as the amendment may require.

Appeal from the Superior Court of Baltimore City (WICKES, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*James Fluegel*, for the appellant.

*Wm. H. A. Hamilton* and *Charles J. Hull*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action on the common counts with a special count on a promissory note for six hundred and fifty dollars, dated 25th May, 1899, and payable with interest on September 1st, of the same year. There was a verdict and judgment for the plaintiff for $832 and the defendant has appealed.

There are four exceptions, three of them relating to rulings on the testimony, and one to the refusal to grant his motion in arrest of judgment.

We will briefly state the facts which we think necessary in order to understand the rulings we are asked to review. The plaintiff, Phares M. Mishler, held a mortgage for $4,500 on certain property in Washington County, Maryland, owned by John Hoover. The mortgage was dated 14th October, 1889, and was to run for ten years. The mortgagor appears to

have gotten behind in his payments of interest, taxes, &c., when he leased the mortgaged property to the defendant, Roland W. Finch. The lease provides for the payment of an annual rent of $850; two hundred dollars thereof to be annually expended for making improvements upon the property and six hundred and fifty dollars to be paid to the plaintiff. At the time this lease was executed by Hoover as landlord and the defendant as tenant, the latter signed and delivered to plaintiff the note here sued on. Before the expiration of the first year of this tenancy the plaintiff sold the property under his mortgage and the wife of the defendant became the purchaser.

The testimony of the plaintiff was to the effect that the consideration of the note was the $650 of rent which according to the terms of the lease and as a consideration therefor, he covenanted to pay to the plaintiff. In other words instead of paying the money to his landlord, Hoover, it was agreed between them that it should be paid to the plaintiff. And, during the very extended cross-examination the plaintiff repeatedly declared that to be the understanding. The effort was to show that by selling the property under his mortgage the plaintiff had violated one of the implied conditions on which the defendant gave the note. But it was shown that the sale was made subject to the lease, and that in addition to this the property which was a summer hotel, was not sold until the end of the season. On re-examination the plaintiff was asked as to the value of the property after the first of September— that is to say after the season was over. His reply was to the effect that so far from being of any value, it was necessary to have some one to take care of it until the next spring. We are not able to see any objection to this, for it is clear what the object of the answer was—namely to explain to the jury that in point of fact, if there was any such understanding as alleged, the defendant could not have possibly been damaged —especially as, before the proceedings for the sale had been begun, he had declared he would no longer rent, but intended to purchase the property. If the season was over at the time

of the sale and the property could no longer be used at a profit until the following season, and if as appeared from the evidence the defendant had practically become the owner of the property, he was not deprived of any of the supposed advantages which might have been derived from the lease. This is the first exceptton.

2. Nor do we think there was any reversible error in the ruling which forms the second exception.

The plaintiff was testifying in relation to the balance due on the mortgage and remarked that he had never regarded the balance, to wit, the sum of $429.14, as having anything to do with the note sued on. The Court was requested to strike out this remark as purely the opinion of the witness. The witness had already told the jury that the note and the mortgage and therefore the balance due on the mortgage had no relation or connection whatever. The remark objected to is nothing more than a repetition of what he had already testified to without objection. But if it can be considered as the expression of opinion, it is difficult to understand what possible injury could result to the defendant.

3. After a great deal of testimony was given by the plaintiff on cross-examination as to the state of accounts between the plaintiff and Hoover the mortgagor, and the effort had been made to show the jury that the note was in reality paid and discharged by the sale of the mortgaged property, it seems very proper to have allowed the plaintiff to be asked on re-examination, if there were not, as he had already said, other transactions between him and Hoover outside of the mortgage and how much was due to plaintiff on them, for if the note had nothing to do with the mortgage it was proper to explain to the jury certain matters out of which the indebtedness grew which formed the consideration of the note. All this appears to have been fully explained to the jury for they gave the plaintiff a verdict for the full amount of his claim with interest. The ruling we have just alluded to forms the basis of the third exception.

The fourth exception was taken to the refusal to arrest the judgment.

We have examined the record, but we find no such errors or defects in the pleadings, nor in the verdict or judgment as would have justified the Court in granting the defendants motion in arrest.

The jury found a verdict for $832 which is thirty-two dollars in excess of the amount laid in the declaration. It is provided by sec. 17 of Art. 5 of the Code that when this is the case the judgment shall not, for that reason be reversed; "but the plaintiff below or his legal representative may amend the record by entering a release of the excess." And the following section of the same Article provides that if such entry or amendment be permitted this Court may, on deciding the appeal, give such judgment as the entry or amendment may require. The plaintiff having asked such amendment of the record to be made so as to alter the judgment from $832 to $800, it is so ordered.

*Judgment affirmed with costs.*

(Decided January 13th, 1905.)